**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Roberto Carrasco Gamez, Jr.,** | ) |
| **Plaintiff,** | ) CIV 10-02663 PHX JWS MEA |
| v. | ) REPORT AND RECOMMENDATION |
| **Charles L. Ryan, et al.,** | ) |
| **Defendants.** | ) |

**TO THE HONORABLE JOHN W. SEDWICK:**

Plaintiff filed a prisoner civil rights complaint on December 14, 2010, alleging Defendants violated his constitutional rights while incarcerated. Plaintiff also filed a motion to proceed *in forma pauperis* and a motion seeking the appointment of counsel. On January 25, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* and dismissed the complaint with leave to amend. Based on Plaintiff's failure to timely file an amended complaint, on March 11, 2011, the Court ordered the case dismissed and ordered that the dismissal be counted as a "strike" under section 1915.

On March 18, 2011, an amended complaint was docketed. See Doc. 10. On May 3, 2011, the Court vacated its prior order dismissing the case. See Doc. 12. With regard to the amended complaint, the Court dismissed Plaintiff's Equal Protection claim and dismissed without prejudice as defendants the National

Academy of Sciences and Dr. Kendall. See Doc. 12. The Court ordered Defendant Ryan to answer part of Count I and Count II of the amended complaint, asserting that as a result of a new policy implemented by Defendant Ryan, as a maximum security inmate Plaintiff was not provided an adequate and nutritious diet.[1]

With regard to the allegations against Dr. Kendall, the screening order determined:

> Plaintiff fails to allege any facts against Kendall. He has not alleged facts to support that Kendall enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. He also has not alleged facts to support that Kendall directly violated his constitutional rights or that Kendall was aware that Plaintiff's rights were being violated but failed to act. Plaintiff thus fails to state a claim against Kendall and he will be dismissed.

On July 1, 2011, a service packet for Defendant Ryan was forwarded to the Marshal for service and Defendant Ryan answered the amended complaint on August 18, 2011. In a scheduling order docketed October 5, 2011, the Court ordered that any motion to further amend the complaint be filed no later than October 28, 2011, and that discovery in this matter be completed by April 6, 2012. See Doc. 19. On November 11, 2011,

---

[1] Plaintiff alleges that Defendant Ryan implemented a change in the diet provided to male maximum custody inmates, which has resulted in the provision of inadequate nutrition over an extended period. He alleges that as a result, his physical and mental condition are deteriorating and that he has lost substantial weight and is provided supplements rather than an adequate diet. Liberally construed, Plaintiff sufficiently states a claim against Ryan concerning his conditions of confinement.

-2-

Plaintiff filed a motion seeking an extension of the time allowed to file an amended complaint and on November 22, 2011, Plaintiff filed a motion seeking leave to file an amended complaint and lodged a proposed amended complaint.[2] See Doc. 23 & Doc. 27. Plaintiff seeks to amend his complaint to add Dennis Kendall as a defendant and Plaintiff also seeks leave to amend his complaint in the future to identify a John Doe defendant.

Plaintiff's proposed amended complaint alleges that a new meal plan introduced for male maximum security inmates lowered the caloric intake from 2700 to 2685 calories per day and that Plaintiff does not receive sufficient recommended nutrients. Plaintiff complains that inmates receive two rather than three meals per day. Plaintiff alleges that Defendants have acted with deliberate indifference to Plaintiff's nutritional needs, resulting in serious medical conditions, including digestive problems. Plaintiff alleges his Eighth Amendment rights and his rights pursuant to the Americans with Disabilities Act are violated and that, because female inmates receive a different menu, his right to equal protection of the laws is violated. In the motion seeking leave to file an amended complaint Plaintiff asserts that he has ascertained that Dr. Kendall is liable for the violation of Plaintiff's constitutional rights.

Specifically, with regard to Dr. Kendall, named as the "Facility Health Administrator", Plaintiff alleges Dr. Kendall acted with deliberate indifference by "not correcting Plaintiffs

---

[2] Plaintiff is the plaintiff in four other cases currently before the Court, three filed in 2010 and one filed in 2011.

request for a glucose tolerance test.... (sic)" Plaintiff contends that his serious medical condition(s) would be remedied by a proper diet. Plaintiff contends that in May of 2011 Dr. Kendall acted with deliberate indifference by reviewing Plaintiff's medical records and "denying Plaintiff concern for a adequate diet (sic)". "Plaintiff explained his stomach and digestive problems to Def. Kendall requesting a snack diet to consume with my medication. Plaintiff was advised to take his medication (30) minutes prior to eating his meals...."

Defendant Ryan opposes the motion for leave to amend, noting that the motion was not filed by the date specified in the Court's scheduling order.

Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires. See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). "Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and requests for leave are generally granted with 'extreme liberality.'" Moss v. United States Secret Service, 572 F.3d 962, 972 (9th Cir. 2009), citing Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). However, granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted).

Futility of amendment is sufficient to justify denial of a motion for leave to amend. See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010); Bonin v. Calderon, 59 F.3d 815 (9th Cir. 1995). A claim in a proposed amended complaint is futile if it would be immediately "subject to dismissal" pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim on which relief may be granted, accepting all of the facts alleged as true. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); Riverview Health Inst. LLC v. Medical Mutual of Ohio, 601 F.3d 505, 512 (6th Cir. 2010); Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003). The Ninth Circuit Court of Appeals recently stated that "the 'proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Nordyke v. King, ___ F.3d ___, 2011 WL 1632063, at *18 n.12, quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The Seventh Circuit Court of Appeals has concluded that "leave to amend may be denied if the new complaint does not cure deficiencies in the old one and is doomed to the same fate." Owens v. Hinsley, 635 F.3d 950, 956 (2011).

> A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291,[] (1976); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir.),[] (1998). To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant

> official acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, [](1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson, 134 F.3d at 1398 (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, [](1994)).
> The courts have recognized that deliberate indifference to serious medical needs may be manifested in two ways: "It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. at 105, 97 S.Ct. 285). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir.), [](1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989); Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir.1981).

Fleming v. LeFevere, 423 F. Supp. 2d 1064, 1069-70 (C.D. Cal. 2006).

Plaintiff has not alleged facts other than that he disagrees with Dr. Kendall's treatment of Plaintiff's digestive upsets and that Dr. Kendall does not agree with Plaintiff's assertions regarding the adequacy of meals provided to Plaintiff as a male inmate in the maximum security segment of the prison. The claims stated in the proposed amended complaint with regard to Dr. Kendall would be subject to dismissal because, *inter alia*, Plaintiff has failed to allege facts sufficient to support a section 1983 claim against Dr. Kendall for deliberate indifference to Plaintiff's serious medical needs as that

terminology has been clarified by the United States Circuit Courts of Appeal.

Therefore,

**IT IS RECOMMENDED that** Plaintiff's motion (Doc. 27) for leave to amend his complaint to add Dr. Kendall as a defendant be **denied**.

DATED this 10th day of January, 2012.

_____
Mark E. Aspey
United States Magistrate Judge